SUMMARY ORDER
Plaintiff Feiner Family Trust, individually, on behalf of all others similarly situated, and derivatively on behalf of Xcelera.com, Inc. (“Xcelera”) (collectively, “Feiner”) sued defendants Xcelera, its directors, and its controlling shareholder for violations of the Securities Exchange Act of 1934 (“Exchange Act”) and Cayman Islands law. Having had its initial complaint dismissed without prejudice to filing an amended pleading, Feiner now appeals the denial of its motion for leave to file a third amended complaint. While we review the denial of leave to amend for abuse of discretion, see ATSI Commc’ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 108 (2d Cir.2007), because this denial was based on an interpretation of law, we review the district court’s legal conclusions de novo, see Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir.2002). In doing so, we assume the parties’ familiarity with the facts and the *463 record of prior proceedings, which we reference only as necessary to explain our decision to affirm.
1. Feiner's Claim Under Section 10(b) and Rule 10b-5
Feiner submits that defendants violated section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 by failing to comply with their securities disclosure obligations and thereby intentionally causing Xcelera to be delisted from the American Stock Exchange and trading of Xcelera shares to be suspended. Feiner asserts that defendants engaged in such conduct in order to free themselves from their duties to minority shareholders under the Investment Company Act, 15 U.S.C. §§ 80a-10, 80a-17, 80a-22, and 80a-35(b), and the Exchange Act, 15 U.S.C. § 78n(d), and to depress the price at which they could thereafter buy shares back from Xcelera’s minority shareholders.
A plaintiff suing under section 10(b) must plead that defendant “acted with scienter, ‘a mental state embracing intent to deceive, manipulate, or defraud.’” Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (quoting Ernst & Ernst v. Hochfelder, 425 U.S. 185, 193-94 & n. 12, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976)). A scienter pleading must “state with particularity facts giving rise to a strong infei’ence that the defendant acted with the required state of mind.” 15 U.S.C. § 78u-4(b)(2). A strong inference must be “cogent and at least as compelling as any opposing inference of nonfraudulent intent.” Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. at 314, 127 S.Ct. 2499; accord ATSI Commc’ns, Inc. v. Shaar Fund, Ltd., 493 F.3d at 99.
a. Failure To Comply with Exchange Act Reporting Obligations
Feiner argues that the district court erred in not recognizing that defendants’ alleged deliberate violation of the Exchange Act’s reporting requirement strongly indicated scienter. See Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital, Inc., 531 F.3d 190, 194 (2d Cir.2008); Novak v. Kasaks, 216 F.3d 300, 311 (2d Cir.2000). We are not persuaded. “ ‘Section 10(b) is aptly described as a catchall provision, but what it catches must be fraud.’ ” Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 174, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (quoting Chiarella v. United States, 445 U.S. 222, 234-35, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980)). Not every intentional violation of a securities regulation involves the sort of fraud or deception proscribed by section 10(b). Here, defendants’ failure to comply with statutory reporting obligations was allegedly the first step in a scheme that was not complete until Xcelera “induee[d] Plaintiffs ... to sell their Xcelera stock back to the Company at artificially deflated prices.” Compl. ¶ 52. A court properly considers defendants’ reporting violation in the context of the entire scheme to determine what competing inferences of intent are reasonably drawn from the pleaded facts. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. at 314, 127 S.Ct. 2499.
b. Inferences of Defendants’ Intent
To the extent Feiner submits that defendants’ fraudulent intent can be inferred from the fact that their failure to comply with their reporting obligations was the first step in a plan to buy back minority shares at depressed prices, the theory reduces to speculation. The amended complaint is devoid of particular facts indicating that defendants actively *464 encouraged minority shareholders to sell their stock back to Xcelera. Rather, it states that defendants waited for minority shareholders to call Xcelera before soliciting any sales. Absent any allegation of a “going private” transaction, tender offer, or scheme to take advantage of depressed share prices, we cannot conclude that Feiner’s urged inference of scienter is compelling.
An alternate, and more cogent, inference to be drawn from the pleaded facts is that defendants decided that the costs of regulatory compliance were too high for a company experiencing languishing share pi-ice and trading volume. Unlike Feiner’s theory, this inference is supported by a record of the increasingly dismal performance of Xcelera stock. Accordingly, we conclude that Feiner has failed to plead with particularity facts giving rise to a strong inference of scienter, and we therefore affirm the judgment of the district court that Feiner’s complaint fails to state a claim under section 10(b).
2. Feiner’s Claims Under Sections 20(a) and 20A(a)
Feiner alleges derivative control person and insider trading liability under sections 20(a) and 20A(a) of the Exchange Act, 15 U.S.C. §§ 78t(a) and 78t-l(a), respectively. Because these provisions require Feiner to establish a primary violation of the Exchange Act, our conclusion that Feiner has not stated a claim under section 10(b) precludes relief under these sections, as well. See SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1472 (2d Cir.1996) (section 20(a)); Jackson Nat’l Life Ins. Co. v. Menill Lynch & Co., Inc., 32 F.3d 697, 703-04 (2d Cir.1994) (section 20A(a)).
3. Feiner’s Claims Under Cayman Islands Law
Because the district court concluded that Feiner failed to state a federal claim in this action, it acted well within its discretion in declining to exercise pendent jurisdiction over Feiner’s remaining breach of fiduciary duty claims under Cayman Islands law. See Maric v. St. Agnes Hasp. Corp., 65 F.3d 310, 314 (2d Cir.1995).
We have considered Feiner’s other arguments on appeal and conclude that they lack merit. Accordingly, we AFFIRM the judgment of the district court.